UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:20-cv-2055 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| D. CASTILLE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On November 19, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff asserts that he was denied his Fourteenth Amendment right to due process during prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence

1

1  credit. However, plaintiff admits the disciplinary findings were eventually reversed through the
2  inmate grievance process and his sentence credit was restored.

3  It is well settled that a prisoner's accumulation of sentence credit for good conduct is a
4  liberty interest entitled to due process protection. Before a prisoner's good conduct sentence
5  credit may revoked as the result of prisoner disciplinary proceedings, the Due Process Clause of
6  the Fourteenth Amendment demands that the prisoner receive certain protections such as written
7  notice of the basis for revocation in advance of a hearing. Wolff v. McConnell, 418 U.S. 539,
8  563-71 (1974). As the disciplinary findings at issue were ultimately reversed and plaintiff's
9  sentence credit restored, however, there is no violation of plaintiff's due process rights.

10 Plaintiff asserts that as a result of the proceedings at issue he was subjected to more
11 restrictive conditions of confinement and a brief stay in segregated housing. With respect to
12 prison conditions, liberty interests protected by the Due Process Clause of the Fourteenth
13 Amendment are "generally limited to freedom from restraint which, while not exceeding the
14 sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of
15 its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the
16 inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484
17 (1995). Plaintiff has not alleged that he has ever suffered atypical and significant hardship
18 following the disciplinary proceedings at issue.

19 For all the foregoing reasons, the court will recommend that plaintiff's amended
20 complaint be dismissed. As it appears clear plaintiff cannot cure the defects in his amended
21 complaint so that he can state a claim upon which he could proceed, the court will recommend
22 that this action be dismissed.

23 In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court
24 assign a district court judge to this case.
25 /////
26 /////
27 /////
28 /////

2

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom2055.14

3