UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>D. CASTILLE, et al.,<br><br>Defendants. | No. 2:20-cv-2055 KJM CKD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 14, 2020, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 12 (F&Rs). Plaintiff has filed objections to the findings and recommendations, ECF No. 13 (Objections), which this court has accepted and carefully reviewed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court agrees with the magistrate judge's recommendation to dismiss plaintiff's claims to the extent those claims rest on his allegation that the prison wrongly deprived him of sentence credits. He alleges

1

1  those credits were restored.  *See* F&Rs at 1–2.  Plaintiff also pleads that following his complaints
2  and grievances and his success in the administrative process, officers sent him to a "maximum
3  security prison" and administrative segregation without reason. *See, e.g.*, First Am. Compl. ¶¶ 1,
4  21, 46; *see also* Objections at 3-4.  Construing plaintiff's pleadings liberally as required, plaintiff
5  allegations may support a First Amendment retaliation claim.  The court therefore concludes
6  plaintiff should be permitted to amend his complaint to allege he was subjected to unnecessarily
7  harsh treatment in retaliation for pursuing his First Amendment rights, i.e., by filing a grievance.
8  *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012) (setting out elements of
9  retaliation claim and explaining why plaintiff in that case successfully pleaded such a claim);
10  *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("[n]otice pleading requires the plaintiff to
11  set forth in his complaint claims for relief, not causes of action, statutes or legal theories"; "[a]
12  complaint need not identify the statutory or constitutional source of the claim raised in order to
13  survive a motion to dismiss").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 14, 2020, are adopted in part as described above;

2. Plaintiff's amended complaint is dismissed with leave to amend to assert a First Amendment retaliation claim;

3. Any amended complaint must be filed within sixty days; and

4. This case is referred back to the assigned magistrate judge for further proceedings.

DATED:  April 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2